## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JOYCE A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-cv-981-DGK |
| | ) | |
| MFA PETROLEUM COMPANY, | ) | |
| CASEY'S GENERAL STORES, INC., | ) | |
| and QUIKTRIP CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR REMAND

## TABLE OF CONTENTS

I. BACKGROUND ................................................................................................ 1

II. ARGUMENT AND AUTHORITIES .................................................................. 2

    A. The Class Action Fairness Act Provides the Court With Jurisdiction Over This Case .................................................................................................. 2

        1. Plaintiff bears the burden to establish each element of the "local controversy" exception, and any doubts about the applicability of the exception are resolved against remand. ................................................. 3

        2. Plaintiff has not established that the "principal injuries" resulting from "the alleged conduct or any related conduct" of each defendant were incurred in Missouri, as required by the third prong of the local controversy exception. ............................................................. 3

        3. Plaintiff has not established that MFA is a "significant defendant" under the second prong of the local controversy exception. ........................ 7

    B. Plaintiff has Improperly Joined Separate and Unrelated Claims Against the Defendants in an Attempt to Defeat Federal Jurisdiction. ..................... 10

        1. Plaintiff has improperly joined separate and unrelated claims in a single action. ........................................................................................ 10

        2. Joinder of separate and unrelated claims against three defendants based on different and unrelated conduct is "grossly improper" and supports removal of the claims against Casey's and QuikTrip. .................. 11

III. CONCLUSION ................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bowling v. Kerry, Inc.*,
    406 F. Supp. 2d 1057 (E.D. Mo. 2005)...........................................................................11

*Brook v. UnitedHealth Group, Inc.*,
    2007 WL 2827808 (S.D.N.Y. Sept. 27, 2007).................................................................4, 6

*College of Dental Surgeons of Puerto Rico v. Triple S Management, Inc.*,
    2011 WL 414991 (D. Puerto Rico Feb. 8, 2011)................................................................4

*In re Prempro Prods. Liab. Litig.*,
    591 F.3d 613 (8th Cir. 2009) ............................................................................................11

*Kearns v. Ford Motor Co.*,
    2005 WL 3967998 (C.D. Cal. Nov. 18, 2005)................................................................6, 7

*Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*,
    655 F.3d 358 (5th Cir. 2011) ..............................................................................................8

*Robinson v. Cheetah Transp.*,
    2006 WL 468820 (W.D. La. Feb. 27, 2006).......................................................................9

*State ex rel. Allen v. Barker*,
    581 S.W.2d 818 (Mo. 1979) .............................................................................................11

*Tapscott v. MS Dealer Service Corp.*,
    77 F.3d 1353 (11th Cir. 1996) ..........................................................................................11

*Villalpando v. Exel Direct Inc.*,
    2012 WL 5464620 (N.D. Cal. Nov. 8, 2012) .................................................................4, 5

*Waller v. Hewlett-Packard Co.*,
    2011 WL 8601207 (S.D. Cal. May 10, 2011)....................................................................6

*Westerfeld v. Independent Processing, LLC*,
    621 F.3d 819 (8th Cir. 2010) ...........................................................................2, 3, 4, 7, 8

**OTHER AUTHORITIES**

16 C.F.R. § 306.10(a).......................................................................................................5

Class Action Fairness Act, 28 U.S.C. § 1332 ...................................................... passim

Fed. R. Civ. P. 20 .................................................................................................................................11

Mo. R. Civ. P. 52.05 ............................................................................................................................11

Mo. R. Civ. P. 52.05(a) .......................................................................................................................11

R.S.Mo. § 407.010 ................................................................................................................................2

Sen. Rep. No. 109-14 .......................................................................................................................3, 7

Defendants Casey's General Stores, Inc. ("Casey's"), MFA Petroleum Company ("MFA") and QuikTrip Corporation ("QuikTrip") (collectively "Defendants") offer the following Suggestions in Opposition to Plaintiff's Renewed Motion for Remand (Doc. 50):

## I. BACKGROUND

Plaintiff filed her Class Action Petition for Damages (the "Complaint") on August 22, 2011 in the Circuit Court of Jackson County, Missouri. In the Complaint, she seeks relief, on behalf of herself and a putative class of Missouri consumers, for money damages and injunctive relief relating to transactions involving Defendants' single-hose blender gasoline pumps. It is undisputed that two of these Defendants are diverse from Plaintiff and the class of Missouri citizens she purports to represent: QuikTrip is a resident of Oklahoma (*see* Complaint at ¶ 25), and Casey's is a resident of Iowa. (*Id.* at ¶ 24) MFA is the only Missouri resident. *Id.* ¶ 23.

Plaintiff alleges that Defendants, separately and *not* acting in concert, operate gas stations in Missouri that use single-hose blender pumps to dispense gasoline. *See* Complaint, at ¶¶ 4-7. Plaintiff alleges that when a consumer purchases gasoline from a single-hose blender pump, a small amount of gasoline remains in the pump and is then dispensed at the subsequent purchase. *Id*. at ¶ 8. Thus, Plaintiff alleges, when a consumer selects and purchases a grade of gasoline that is a higher grade than that selected by the consumer immediately preceding her, she receives a small amount of residual "lower grade" gasoline from the previous transaction. *Id*. at ¶¶ 9-11.[1]

In three separate and unrelated transactions, Plaintiff allegedly purchased higher-octane gasoline from each of the Defendants. *See* Complaint, at ¶¶12-20. These transactions occurred on different dates, in different cities and in different counties. *Id*. Plaintiff does not allege a

---
[1] The Court has previously explained that "Plaintiff's purported distinction between a gasoline's 'grade' and its octane rating is a red herring. Although Plaintiff categorizes her claims as alleging misrepresentations of the quantity of gasoline of a certain 'grade/brand' (regular, mid-grade, and premium), the Court fails to see how this label is conceptually different from octane levels." (Doc. 41, at 8.)

5565147

conspiracy, nor does she allege any concerted action by the Defendants. *See generally* Complaint. Plaintiff alleges that Defendants misrepresented both the octane level and amount of gasoline that she was receiving because of the residual fuel effect of the single-hose blender pumps. *See* Complaint, at ¶¶ 20, 35-41. These allegations form the basis of Plaintiff's claims against the Defendants under the Missouri Merchandising Practices Act, R.S.Mo. § 407.010 *et. seq*. In addition to damages, Plaintiff seeks "injunctive relief, including an Order suspending all misrepresentations by all Defendants regarding the brand and quantity of the higher grade gasoline." *Id*. at WHEREFORE.

Plaintiff's Renewed Motion for Remand sets forth the relevant procedural history. In short, this matter is before the Court to consider whether diversity jurisdiction exists under the Class Action Fairness Act and the extent to which MFA's Missouri citizenship cannot be used to defeat federal jurisdiction. As explained herein, Plaintiff has failed to meet her burden to establish that CAFA's local controversy exception is applicable to the claims in this case, and, in any event, Plaintiff cannot defeat diversity jurisdiction by misjoining unrelated claims against Defendant MFA. Thus, this Court has subject-matter jurisdiction over this matter, and, as such, Plaintiff's Renewed Motion to Remand should be denied.

## II. ARGUMENT AND AUTHORITIES

### A. The Class Action Fairness Act Provides the Court With Jurisdiction Over This Case.

The Class Action Fairness Act, or CAFA, "grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). In fact, the Judiciary Committee Report on CAFA stated that CAFA is:

intended to ***expand substantially*** federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.

SEN. REP. NO. 109-14 at 43 (emphasis added).

### 1. **Plaintiff bears the burden to establish each element of the "local controversy" exception, and any doubts about the applicability of the exception are resolved against remand.**

Plaintiff does not dispute that Defendants properly removed this case under CAFA (*see generally* Doc. 50), which provides for federal jurisdiction over class actions in which there is minimal diversity and the amount in controversy exceeds $5,000,000. The burden thus shifts to Plaintiff to establish one of the three exceptions to CAFA diversity jurisdiction. *Westerfeld*, 621 F.3d at 822. Plaintiff here relies on the "local controversy" exception of 28 U.S.C. § 1332(d)(4). *See* Doc. 50. Furthermore, as the party seeking remand, Plaintiff is "not entitled to the benefit of the doubt." *Westerfeld*, 621 F.3d at 823. Therefore, this Court must "resolve any doubt about the applicability of CAFA's local-controversy requirement against ... the party who seeks remand and the party who bears the burden of establishing that exception." *Id.* Finally, it is important to keep in mind that Congress, in passing CAFA, stated that the local controversy exception "is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole." SEN. REP. NO. 109-14 at 39.

### 2. **Plaintiff has not established that the "principal injuries" resulting from "the alleged conduct or any related conduct" of each defendant were incurred in Missouri, as required by the third prong of the local controversy exception.**

Plaintiff's renewed motion to remand should be denied because she has failed to satisfy her burden of establishing each element of the "local controversy" exception. First and foremost, Plaintiff has failed to satisfy the third prong of the exception—the "principal injuries" prong—which puts the burden on Plaintiff to show that the "principal injuries resulting from the alleged

3

5565147

Case 4:11-cv-00981-DGK   Document 53   Filed 03/18/13   Page 7 of 18

conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(III); *Westerfeld*, 621 F.3d at 822-23.

The "principal injuries" prong, when read in the context of CAFA's other provisions and its statutory purpose, requires that the principal injuries resulting from the Defendants' alleged conduct or related conduct are "localized" to a particular state and do not represent a widespread, interstate business practice that affects consumers broadly on a multi-state level. *See Brook v. UnitedHealth Group, Inc.*, 2007 WL 2827808, *4 (S.D.N.Y. Sept. 27, 2007) (explaining that the "principal injuries" prong applies only in cases where the principal injuries suffered by the class are limited to a particular state and not in a case where the defendants' conduct could have injured persons throughout the country or broadly throughout several states). *Accord, Villalpando v. Exel Direct Inc.*, 2012 WL 5464620, *12 (N.D. Cal. Nov. 8, 2012) (explaining that the local controversy exception "was intended to apply narrowly, only for 'truly local controversies.'") (citations omitted), *College of Dental Surgeons of Puerto Rico v. Triple S Management, Inc.*, 2011 WL 414991, *5 (D. Puerto Rico Feb. 8, 2011) ("It seems unlikely that, in an attempt to remove to federal court a larger number of class action suits that are of 'national importance,' Congress would create a loophole encouraging attorneys to maintain multiple smaller class actions in state courts.").

The conduct alleged in this case—Defendants' utilization of single-hose blender pumps—is a practice that is <u>not</u> unique to Missouri. In fact, Casey's and QuikTrip utilize single-hose blender pumps at numerous gas stations in multiple states throughout the country. To put this in context, Casey's currently utilizes single-hose blender pumps at 34 gas stations in Missouri, *but it also utilizes single hose blender pumps in 148 other gas stations located in 10 other states* (i.e., Arkansas, Illinois, Indiana, Iowa, Kansas, Kentucky, Minnesota, Nebraska,

4

5565147
Case 4:11-cv-00981-DGK   Document 53   Filed 03/18/13   Page 8 of 18

South Dakota, and Tennessee).  *See* Exhibit 1 (Declaration of Merle Rasmussen, ¶¶ 4-6). Therefore, of all of the Casey's gas stations nation-wide which employ single-hose blender pumps, only 18% of them are Missouri stations.

The same is true for QuikTrip.  QuikTrip has 650 stores and other operations in eleven states nationwide, but only 119 of those stores are located in Missouri.  Furthermore, QuikTrip stores utilize approximately 5000 blender pumps, approximately 1000 of which are located in Missouri.  *See* Exhibit 2 (Declaration of Marshall Wells, ¶¶ 3-6).  Accordingly, only about 18% of QuikTrip's total stores, and about 20% of QuikTrip's blender pumps, are located in Missouri.

The Defendants' use of single-hose blender pumps in numerous states across the country evinces an *interstate* business practice, implemented broadly throughout multiple states. Defendants' alleged conduct is simply not a "localized" business practice that only impacts Missouri citizens.  The existence of federal regulations with respect to single-hose blender pumps underscores this point.  *See* 16 C.F.R. § 306.10(a) (requiring retailers who sell "two or more kinds of automotive fuel with different automotive fuel ratings from a single dispenser" to put separate labels for the fuel on each face of the dispenser).  In other words, the conduct at issue in this case, and the "principal injuries" resulting from such conduct, reach far beyond the borders of Missouri.

Plaintiff carefully frames her pleadings to make this controversy appear "local" by alleging that Defendants' conduct in Missouri impacts only members of a purported class of Missouri citizens who use Defendants' single-hose pumps at Missouri locations and, therefore, are injured solely under Missouri law.  Federal courts have specifically rejected similar attempts by plaintiffs to manipulate the pleadings to invoke the "local controversy" exception and evade federal jurisdiction.  *See Villalpando*, 2012 WL 5464620, *12 ("There is nothing unique to

5

5565147

Case 4:11-cv-00981-DGK   Document 53   Filed 03/18/13   Page 9 of 18

California about the claims asserted in this action, even if the class is limited to Plaintiffs who provide delivery services in California and the claims in the action are based on California law. Rather, Defendants are vulnerable to similar claims in other states . . . ."), *Waller v. Hewlett-Packard Co.*, 2011 WL 8601207, *4 (S.D. Cal. May 10, 2011) ("Plaintiff's action is local only in the trivial and almost tautological sense that the definition of the putative class and the legal bases of the asserted claims make it so. Courts have routinely looked beyond these formalities to the nature and scope of the alleged wrong—and rejected a plaintiff's invocation of the local controversy exception that relies on them."), *Brook*, 2007 WL 2827808, *4 ("Plaintiffs cannot simply evade federal jurisdiction by defining the putative class on a state-by-state basis, and then proceed to file virtually identical class action complaints in various state courts. Such conduct is precisely what the CAFA legislation was intended to eradicate."), *Kearns v. Ford Motor Co.*, 2005 WL 3967998, *12 (C.D. Cal. Nov. 18, 2005) (rejecting plaintiff's assertion that the interstate nature of the conduct was not important because the proposed class was composed only of Californians who suffered harm in that state made actionable only under California consumer protection laws and finding that the "principal injuries" prong to the local controversy exception did not apply).

The "principal injuries" prong must take into consideration the injuries of consumers who are broadly affected by the defendant's alleged conduct throughout several states when, as here, the conduct represents an interstate business practice. Any other interpretation of the "principal injuries" prong would ignore CAFA's intent and purpose. As stated in the Judiciary Committee Report on CAFA:

> [I]f the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for this [local controversy] exception, even if it were brought only as a single-

6

5565147
Case 4:11-cv-00981-DGK   Document 53   Filed 03/18/13   Page 10 of 18

> state class action …. In other words, this provision looks at where the principal injuries were suffered by everyone who was affected by the alleged conduct – not just where the proposed class members were injured.

SEN. REP. NO. 109-14 at 40-41.

The "principal injuries" in this case are not limited to Missouri simply because Plaintiff has pled a putative class consisting of Missouri citizens allegedly injured by Defendants' conduct in Missouri, which allegedly violated a Missouri statute. *See Kearns*, 2005 WL 3967998, at *12 (rejecting plaintiff's attempt to satisfy the "principal injuries" prong by narrowly defining the proposed class to include only Californians injured by the defendants' allegedly deceptive marketing program under California consumer protection statutes when defendants' conduct was widespread and impacted consumers in numerous states with similar consumer protection laws).

A look beyond the mere formalities of Plaintiff's allegations and proposed class definition reveals that the nature and scope of the alleged wrong represents a wide-spread, interstate business practice that impacts consumers broadly throughout multiple states. As such, Plaintiff cannot meet her burden to establish that this is a truly "local" controversy that should be determined in a Missouri state court. In sum, the "principal injuries" prong has not been satisfied, the "local controversy" exception is not applicable, and remand should be denied.

### 3. Plaintiff has not established that MFA is a "significant defendant" under the second prong of the local controversy exception.

Plaintiff also cannot demonstrate that the local controversy exception applies because she has not established that MFA, the sole resident defendant, is a "significant defendant."

The local controversy exception requires that an in-state defendant be a "significant" defendant – one "from whom significant relief is sought by members of the plaintiff class and one whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." *Westerfeld*, 621 F.3d at 823; 28 U.S.C. § 1332(d)(4)(A)(i)(II). The Eighth

7

5565147

Case 4:11-cv-00981-DGK   Document 53   Filed 03/18/13   Page 11 of 18

Circuit has held that for an in-state defendant to be "significant," its "conduct must be an important ground for the asserted claims in view of the alleged conduct of *all* the Defendants." *Id.* at 825 (emphasis added). Thus, the court must examine the in-state defendant's actions against all claims against all defendants to prevent the jurisdictional loophole that Congress sought to avoid.

Here, Plaintiff has failed to establish that MFA, the only in-state defendant, is a "significant" defendant. Instead, Plaintiff's Complaint simply parrots the language from CAFA, alleging that "Plaintiffs seek significant relief from MFA Oil whose conduct forms a significant basis for the claims asserted herein." Complaint, at ¶ 23. Without allegations of fact underlying this mere conclusion, however, Plaintiff cannot meet her burden. *See Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 655 F.3d 358, 362 (5th Cir. 2011) ("The complaint makes no effort to quantify or even estimate the alleged [wrongdoing of] LEMIC versus [that] of Zurich. The complaint therefore does not allege facts describing LEMIC's conduct so as to establish that LEMIC's conduct forms a significant basis of the plaintiff's claims."). Thus, even if Plaintiff is correct that the Court is limited to a consideration of her Complaint without regard to extrinsic evidence, (Doc. 50, at 13), Plaintiff is simply not entitled to the benefit of the doubt given this conclusory allegation in her pleading. *Westerfeld*, 621 F.3d at 823.

In fact, the Eighth Circuit cautioned against allowing plaintiffs to simply plead their claims in such a way to avoid federal jurisdiction under CAFA. *Id.* at 825. Instead, this Court must examine the actions and relief sought against the in-state defendant against all other claims against all other defendants in the case. *Id.*

MFA is one of three completely separate defendants in this case. Plaintiff, in her motion to remand, argues that MFA is a significant defendant because it allegedly operates 72 gas

8

5565147
Case 4:11-cv-00981-DGK   Document 53   Filed 03/18/13   Page 12 of 18

stations in Missouri (the least of any of the three defendants), and that these stations make up "13.6% of the gas stations involved in this claim."[2] *See* Doc. 50 at p. 16 n.6. Plaintiff's argument on this point, however, misses the mark.

The only gas stations that could conceivably be at issue in this case are those stations that employ single-hose blender pumps. However, Plaintiff has offered no proof, and has not made any allegation, regarding the number of MFA stations in Missouri that employ such pumps. Further, Plaintiff offers no proof (or even any allegation) regarding the number of single-hose blender pumps employed by MFA in Missouri. And most significantly, Plaintiff has failed to submit any proof or make any allegation regarding the number of transactions relevant to this lawsuit (i.e., transactions in which mid-grade or premium gasoline was pumped from a single-hose blender pump after the previous consumer purchased lower-grade gasoline) that occurred at a MFA pump compared to the number of relevant transactions which occurred at a Casey's or QuikTrip pump.[3] This information is critical because "whether a putative class seeks significant relief from an in-state defendant includes . . . an assessment of how many members of the class were harmed by the defendant's actions [and] also a comparison of the relief sought between all defendants . . . ." *Robinson v. Cheetah Transp.*, 2006 WL 468820, at *3 (W.D. La. Feb. 27, 2006).

---

[2] Plaintiff also alleges that MFA handled over 350 million gallons of gasoline in 2012, *see* Doc. 50 at p. 16, and she attached MFA's "annual report" (Ex. B) as the support for this statement. However, Exhibit B is the annual report for MFA *Oil* Company, not MFA *Petroleum* Company. These are two separate companies, and thus the figure cited by Plaintiff has been improperly attributed to MFA Petroleum Company.

[3] A further complication for Plaintiff is the fact that most purchasers of mid-grade or premium gasoline who made their purchase following the purchase of a lower-grade gasoline would not have a claim to assert. As recognized by the Federal Government, once 2.5 gallons are in the tank, the tank as a whole has attained the precise blend advertised. *See* Report of the 74th National Conference of Weights and Measures 1989, NIST Special Publication 771, at 112 (Dkt. 13-3, at 5) ("[A] customer who purchases at least 2-1/2 gallons will obtain the advertised octane."). It is very unlikely that consumers of premium gasoline, or any grade of gasoline, would purchase less than 2.5 gallons of gasoline in a single transaction.

9

5565147

Plaintiff bears the burden of establishing that the class claims asserted against MFA are "important" or "significant" compared to the claims against Casey's and QuikTrip.[4] She has failed to meet this burden. Instead, she has baldly asserted that the class seeks "significant relief" against MFA, whom she alleges is a "significant defendant." Plaintiff's mere conclusion, with no other supporting allegations or evidence, cannot carry her burden of establishing the applicability of the local controversy exception to CAFA jurisdiction. Thus, jurisdiction exists under CAFA, and Plaintiff's renewed motion to remand should be denied.

### B. Plaintiff has Improperly Joined Separate and Unrelated Claims Against the Defendants in an Attempt to Defeat Federal Jurisdiction.

If this Court determines that federal jurisdiction does not exist under CAFA, the claims against the three defendants should be severed under the doctrine of procedural misjoinder, and Casey's and QuikTrip should be permitted to proceed in federal court. Plaintiff has improperly joined separate and unrelated defendants in an attempt to defeat federal jurisdiction. This procedural tactic cannot be used to defeat the right of Casey's and QuikTrip to proceed in a federal forum. Defendants Casey's and QuikTrip are filing this same day a motion to sever that further details the impropriety of Plaintiff's pleading tactic, which is briefly summarized below.

#### 1. Plaintiff has improperly joined separate and unrelated claims in a single action.

Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants in a single action if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

---

[4]Plaintiff, in a footnote, seems to suggest that the burden should fall on the Defendants to set forth facts which show that MFA is not a "significant defendant." *See* Doc. 50, p. 16 n.7. There is no authority which supports such a burden shifting, and Plaintiff cites to none.

10

5565147

Case 4:11-cv-00981-DGK   Document 53   Filed 03/18/13   Page 14 of 18

transactions or occurrences;" and (2) "any question or law or fact common to all of defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).[5]

Here, Plaintiff alleges separate and unrelated transactions with each of the defendants. *See* Complaint at ¶¶ 12-20. Plaintiff alleges no conspiracy among the Defendants. *See generally* Complaint. In fact, Plaintiff does not allege that Defendants took a single act in concert with each other. *Id.* Neither Plaintiff's claims nor those of any putative class member arise out of the "same transaction, occurrences or series of transactions or occurrences" as required for joinder under the rules. Each claim will be based on a separate transaction arising out of distinct and unrelated facts and occurrences. Thus, joinder of these Defendants is not permitted.

> **2. Joinder of separate and unrelated claims against three defendants based on different and unrelated conduct is "grossly improper" and supports removal of the claims against Casey's and QuikTrip.**

While the traditional basis for removal jurisdiction based on improper joinder involves joinder of parties, improper joinder of claims may also provide removal jurisdiction for the diverse defendants. *Bowling v. Kerry, Inc.*, 406 F. Supp. 2d 1057, 1060 (E.D. Mo. 2005). *See also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) (abrogated on other grounds). Where misjoinder is "egregious or grossly improper," it will not defeat federal jurisdiction. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 624 (8th Cir. 2009).[6] *See also Bowling*, 406 F. Supp. 2d at 1060.

---

[5] Missouri Rule of Civil Procedure 52.05(a) is identical in all significant respects to Fed. R. Civ. P. 20(a). *See* Mo. R. Civ. P. 52.05(a); *State ex rel. Allen v. Barker*, 581 S.W.2d 818, 826 (Mo. 1979) (discussing adoption of Mo. R. Civ. P. 52.05, recognizing it was based on Fed. R. Civ. P. 20(a), and relying on federal cases to interpret it); *see also In re Prempro Prods. Liab. Litig.*, 519 F.3d at 622 n.6 (applying Fed. R. Civ. P. 20 but noting that the state joinder rule was substantially similar).

[6] In *In re Prempro*, the Eighth Circuit noted that it was neither adopting nor rejecting the misjoinder doctrine, but stated that if it were to apply the doctrine, "the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 622. This language is dicta, and, as such, does not bind another panel of the Eighth Circuit from explicitly rejecting an egregiousness requirement.

5565147

Here, the joinder of unrelated claims against separate defendants is "grossly improper." Plaintiff asserts that she and the putative class members engaged in hundreds or millions of separate transactions with three unrelated defendants. She does not allege any conspiracy or any actions taken in concert. In fact, even her own transactions supporting the Complaint are distinct and unrelated. Plaintiff alleges that she purchased 9.557 gallons of gasoline from QuikTrip on July 20, 2011 in Jackson County, Missouri. *See* Complaint at ¶ 12. She then alleges that she purchased 2.687 gallons of gasoline from Casey's on July 25, 2011 in Platte County, Missouri. *Id.* at ¶ 15. Finally, she alleges that she purchased 5.604 gallons of gasoline from MFA on August 8, 2011 in Buchanan County, Missouri. These were separate transactions in different locations (even different counties), on different dates. Plaintiff engaged in a separate and distinct business transaction with each Defendant, and these transactions were wholly unrelated.

The only purpose of joining these three defendants is to use MFA's Missouri citizenship to defeat Casey's and QuikTrip's right to a federal forum. Joinder of claims against separate defendants based on unrelated transactions and conduct is "grossly improper," and it cannot be used to defeat federal jurisdiction.

## III. CONCLUSION

For the reasons set forth above, this Court has original jurisdiction of this case under 28 U.S.C. § 1332. As such, Plaintiff's renewed motion to remand should be denied in its entirety. Defendants further respectfully request that if the Court retains jurisdiction over this action, the Court also consider Defendants' previously filed Motion to Dismiss (Doc. 12) and dismiss Plaintiff's claims as preempted by state or federal law or on the basis of safe harbor.

12

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

/s/ *Holly P. Smith*
Tristan L. Duncan, MO #39525
Holly P. Smith, MO #51340
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
TLDuncan@shb.com
HPSmith@shb.com
ATTORNEYS FOR QUIKTRIP
CORPORATION

HUSCH BLACKWELL LLP

Martin Loring, MO #29712
Michael S. Hargens, MO #51077
Kathryn G. Lee, MO #56506
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Martin.loring@huschblackwell.com
Michael.hargens@huschblackwell.com
Kathryn.lee@huschblackwell.com

ATTORNEYS FOR DEFENDANT CASEY'S
GENERAL STORES, INC.
SMITH LEWIS LLP

Michael Tripp, MO #41535
111 S. 9th Street, Suite 200
Columbia, MO 65201
Telephone: (573) 443-3141
Tripp@smithlewis.com

ATTORNEY FOR MFA PETROLEUM
COMPANY d/b/a BREAK TIME

13

5565147
Case 4:11-cv-00981-DGK   Document 53   Filed 03/18/13   Page 17 of 18

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed this 18th day of March, 2013, via the Court's electronic filing system, which sent notification of such filing to the following:

Brendan J. Donelon
Daniel W. Craig
The Law Office of Donelon, P.C.
802 Broadway, 7th Floor
Kansas City, MO 64105
Brendan@donelonpc.com
Dcraig@donelonpc.com

Jason Brown
Jayson Watkins
Brown & Associates, L.L.C.
301 S. US 169 Hwy
Gower, MO 64454
kclawyerbrown@yahoo.com

ATTORNEYS FOR PLAINTIFF

/s/ *Holly P. Smith*