UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOYCE JOHNSON, et al., | ) |
| On Behalf of Herself and All Others Similarly Situated, | ) ) ) ) |
| v. | ) Case No. 11-0981-CV-W-DGK |
| MFA PETROLEUM CO., et al., | ) ) ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This case is a class action brought by Plaintiff Joyce Johnson, on behalf of herself and all others similarly situated, against Defendant MFA Petroleum Company ("MFA"), Casey's General Stores, Inc. ("Casey's"), and QuikTrip Corporation ("QuikTrip"). Pending before the Court are Plaintiff's renewed motion for remand (Doc. 49) and Defendants' opposition (Doc. 53) as well Defendants QuikTrip's and Casey's renewed motion to sever claims (Doc. 54) and Plaintiff's opposition (Doc. 56).[1] For the following reasons, Plaintiff's renewed motion to remand (Doc. 49) is DENIED. Defendants' motion to sever claims (Doc. 54) is DENIED as moot.

### Background

On August 22, 2011, Plaintiff Joyce Johnson, a Missouri citizen, filed a Petition for Damages ("the Petition") in the Circuit Court of Jackson County, Missouri against Defendants MFA Petroleum Company, Casey's General Stores, Inc., and QuikTrip Corporation. In the Petition, Plaintiff, on behalf of herself and a putative class of Missouri consumers, alleged that each Defendant owns and operates retail gas stations in Missouri that sell and dispense gasoline

---

[1] The Court has also considered Docs. 50, 55, and 57.

through "single hose blender pumps" which distribute multiple grades of gasoline (e.g., unleaded, unleaded plus, premium unleaded) through a single hose. Because these pumps dispense different grades through one hose, Plaintiff argues that each time a purchaser pumps gas, there is a residual amount of gasoline remaining in the hose from the previous purchaser. Thus, if an individual purchases a grade of gasoline higher than the previous purchaser, she actually receives a quantity of the lower grade gasoline as well. Plaintiff's petition seeks money damages and injunctive relief relating to transactions involving Defendants' single-hose blender gasoline pumps.

Plaintiff initially sought remand of this case to the Circuit Court of Jackson County, Missouri, arguing that this Court did not have jurisdiction to hear the case under either its diversity jurisdiction or its federal question jurisdiction (Doc. 16). The Court ultimately exercised jurisdiction over the action based on complete preemption and granted Defendants' motion to dismiss (Doc. 41). The Eighth Circuit reversed the Court's finding of complete preemption and remanded for a determination of whether diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"). *Johnson v. MFA Petroleum Co.*, 701 F.3d 243 (8th Cir. 2012). Plaintiff has since filed a renewed motion for remand (Doc. 49), which Defendants oppose (Doc. 53).

**Standard**

I. **Federal Jurisdiction**

A defendant may remove an action from state court where the case falls within the original jurisdiction of the federal district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the federal district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The burden of

establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). All doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

**II. CAFA Jurisdiction**

Congress enacted CAFA in 2005 because of perceived "abuses of the class action device," and to provide for "[f]ederal court consideration of interstate cases of national importance." Pub. L. No. 109-2, § 2, 119 Stat. 4; *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). Accordingly, 28 U.S.C. was amended to expand diversity jurisdiction in class litigation. *Id*. ("CAFA grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction."). Section 1332(d)(2) provides that in class action cases involving 100 or more class members:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). Under CAFA, the removing party has the burden of proof to establish the district court's jurisdiction by demonstrating that the requisite number of plaintiffs exists, that there is minimal diversity, and that the amount in controversy is sufficient to meet the statutory requirements. *Westerfeld*, 621 F.3d at 822-23.

Despite Congress' broad grant of federal jurisdiction, CAFA specified two mandatory exceptions, "designed to insure that truly local controversies will be adjudicated in state courts."

28 U.S.C. §1332(d)(4); *Rasberry v. Capitol Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 599 (E.D. Tex. 2009). When one of these two narrow exceptions applies "CAFA requires federal courts to decline jurisdiction over a proposed class action . . . ." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569-70 (5th Cir. 2011). A plaintiff seeking to remand a case to state court under one of these exceptions bears the burden of proving the exception's applicability by a preponderance of evidence. *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1013 (9th Cir. 2011); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 78 (1st Cir. 2009); *see also Westerfeld*, 621 F.3d at 823 (holding that the party moving for remand bears the burden of establishing that the local controversy exception applies).

### A. The Local Controversy Exception

The exception at issue in this case is the local controversy exception, which states that a federal district court "shall decline to exercise jurisdiction"

(i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same persons[.]

28 U.S.C. § 1332(d)(4)(A). In passing CAFA, Congress noted that the local controversy exception "is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole." Sen. Rep. No. 109-14, at 39.

## Discussion

### I. This case does not meet the requirements of the local controversy exception to CAFA jurisdiction.

Plaintiff does not dispute that Defendants have satisfied the initial jurisdictional requirements necessary to support removal of this action to federal court under CAFA. However, Plaintiff argues that the Court must remand the case back to state court pursuant to the local controversy exception to CAFA jurisdiction.

As listed above, there are six requirements this case must satisfy to be eligible for the local controversy exception: (1) greater than two-thirds of the proposed plaintiff class must be citizens of Missouri; (2) at least one defendant must be a Missouri citizen; (3) at least one defendant from whom significant relief is sought must be a Missouri citizen; (4) at least one defendant whose alleged conduct forms a significant basis for the claims asserted must be a Missouri citizen; (5) the principal injuries resulting from the alleged conduct or any related conduct of each defendant must have been incurred in Missouri; and (6) during the three year period preceding the filing of the class action, no other filed class action could have asserted the same or similar factual allegations against any of the defendants on behalf of the same persons.

The parties do not dispute requirements 1, 2, and 6. At issue are only requirements 3, 4 and 5: whether Missouri Defendant MFA is a "significant defendant" (meaning one from whom significant relief is sought and one whose conduct forms a significant basis for the claims

asserted) and whether the "principal injuries" resulting from the alleged conduct of each Defendant were incurred in Missouri. The Court will address the "significant defendant" and "principal injuries" arguments below.

**A. MFA is not a "significant defendant."**

The first dispute is whether MFA is a "significant defendant" in the litigation. Plaintiff argues that MFA is a "significant defendant" for two primary reasons: (1) the same wrongful conduct Plaintiff alleges against Defendants QuikTrip and Casey's she alleges against MFA; and (2) the same relief Plaintiff seeks from Defendants QuikTrip and Casey's she seeks from MFA. Defendants, on the other hand, maintain that Plaintiff has not provided sufficient allegations to meet her burden of proving that MFA is "significant defendant."

In determining whether the requirements that significant relief is sought and the alleged conduct forms a significant basis for the claims have been met under 28 U.S.C. § 1332(d)(4)(A)(i)(II)'s sections (aa) and (bb), the majority of circuits find that the district court should consider only the allegations in the plaintiff's complaint or petition for damages. *See Coleman*, 631 F.3d at 1015 ("We hold that CAFA's language unambiguously directs the district court to look only to the complaint in deciding whether the criteria set forth in § 1332(d)(4)(A)(i)(II)(aa) and (bb) are satisfied."); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009) (holding that the district court may look only to the complaint in addressing subsection (aa)); *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 157 (3rd Cir. 2009) (directing lower court to focus on allegations in complaint, not extrinsic evidence, stating "[t]he District Court's focus here must be on the alleged conduct"); *but see*

*Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167-68 (11th Cir. 2006) (considering extrinsic evidence in addressing prong (bb)).[2]

The Eighth Circuit has not specifically addressed this issue.[3] However, the language of the statute is clear. As the Ninth Circuit observed:

> The first criterion is whether "significant relief is *sought* " from a defendant who is a citizen of the state in which the suit is filed. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) (emphasis added). The word "sought" focuses attention on the plaintiff's claim for relief—that is, on what is "sought" in the complaint—rather than on what may or may not be proved by evidence. The second criterion is whether the defendant's "*alleged* conduct forms a significant basis for the claims asserted by the proposed plaintiff class." *Id.* § 1332(d)(4)(A)(i)(II)(bb) (emphasis added). Like the word "sought," the word "alleged" makes clear that the second criterion is based on what is alleged in the complaint rather than on what may or may not be proved by evidence.
>
> There is a revealing contrast between the language in subsections (aa) and (bb) and the language in subsection (cc). All three subsections specify criteria that must be satisfied before the local controversy exception to CAFA jurisdiction applies. Subsection (cc) requires that the defendant from whom relief is sought and whose alleged conduct is at issue be a defendant "who *is* a citizen of the State in which the action was originally filed." *Id.* § 1332(d)(4)(A)(i)(II)(cc) (emphasis added). Unlike the words "sought" and "alleged," used in subsections (aa) and (bb), the word "is," used in subsection (cc), indicates that an actual fact must be established.

*Coleman*, 631 F.3d at 1015. Moreover, limiting examination of the "significant defendant" requirements to the complaint or petition prevents needless delays in conducting discovery prior to ruling on a motion to remand. *Coleman*, 631 F.3d at 1016-17. Accordingly, the Court holds that in considering whether MFA is a "significant defendant," it will look only the allegations in Plaintiff's petition.

---

[2] While the *Evans* decision looked to materials outside the complaint in determining whether the Plaintiff had met the "significant defendant" requirements, it did not provide its reasoning for doing so. The Eleventh Circuit rendered its decision in *Evans* prior to the Third, Tenth, and Ninth Circuit's opinions, and thus, it did not address those. Accordingly, the *Evans* decision provides no analysis for the Court to consider in addressing this issue.

[3] In *Westerfeld*, 621 F.3d at 822-23, the Eighth Circuit noted that a removing defendant had submitted a declaration in support of its argument that it was not a "significant defendant." However, the Eighth Circuit did not explicitly address whether district courts should consider such extrinsic evidence when determining whether a party has met the "significant defendant" requirements because that specific issue was not before it.

Here, Plaintiff's petition alleges the same conduct and seeks the same relief against MFA as it does against Defendants QuikTrip and Casey's. This suggests that MFA's conduct may form a significant basis for the claims asserted and that Plaintiff may seek significant relief from MFA. *See Flores v. Chevron Corp.*, No. 2:11-cv-02551-JHN-FMOx, 2011 WL 2160420, at *4 (C.D. Cal. May 31, 2011) ("The complaint alleges that the Local Defendants engaged in the exact same violations as non-local Defendants. The complaint seeks damages equally from them and, like the non-local defendants, the Local Defendants are major corporations with a well-recognized presence in California. Nothing in the complaint suggests that they are nominal defendants or that relief from them would be 'small change.'").

However, Defendants maintain that even if the Court looks only to the Petition, MFA does not meet the "significant defendant" requirements because Plaintiff has not alleged facts to underlie her "conclusory" assertion that she "seek[s] significant relief from [MFA] whose conduct forms a significant basis for the claims asserted herein." *See Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 655 F.3d 358, 362 (5th Cir. 2011) (finding that the plaintiff had not met its burden of showing that the local defendant's conduct formed a significant basis of the plaintiff's claims because the complaint did not quantify or even estimate the local defendant's alleged wrongdoing versus that of the non-local defendant). Defendants also argue that it is not enough to look only to MFA's activity; rather the Court must consider MFA's activity in relation to the actions of the out-of-state defendants, QuikTrip and Casey's, because the Eighth Circuit has held that for an in-state defendant to be "significant," its "conduct must be an important ground for the asserted claims in view of the alleged conduct of all the Defendants." *Westerfeld*, 621 F.3d at 825.

In the Petition, Plaintiff alleges that:

- Defendants utilize single hose blender pumps to distribute their various grades of gasoline (Doc. 50-1, at ¶ 4);
- Defendants are engaged in the practice of selling gasoline to consumers in the state of Missouri (Doc. 50-1, at ¶ 31);
- Defendants' single hose blender pumps fail to dispense in its entirety the higher grade gasoline selected and paid for by the Secondary Consumer (Doc. 50-1, at ¶ 10);
- Plaintiff Johnson purchased higher cost gasoline but received lower cost gasoline from single hose blender pumps at gas stations in Missouri owned and operated by all three Defendants (Doc. 50-1, at ¶¶ 12-20);
- As a direct and proximate result of Defendants' acts and activities, the Plaintiff and Missouri class members suffered ascertainable money loss (Doc. 50-1, at ¶ 62).

The Court's primary concern is with the requirement that MFA's conduct "forms a significant basis for the claims asserted." While the Court has held that Plaintiff need only *allege* facts to show that MFA is a "significant defendant" in the present action, the Court finds that it has not sufficiently done so here. Nothing in the Petition alleges that MFA operates a significant number of gas stations in Missouri or that MFA utilizes single hose pumps at most of their Missouri locations. Additionally, Plaintiff has failed to allege how many MFA gas stations utilize single hose pumps in relation to Defendants QuikTrip or Casey's. For example, from the Petition, it is impossible to tell if MFA owns half of the gas stations at issue or if it owns only one. Accordingly, the Court is unable to determine whether MFA is a "significant defendant," especially as its conduct relates to that of the two out-of-state defendants. *See Opelousas*, 655 F.3d at 363 ("Clearly nothing in the complaint distinguishes the conduct of [the in-state defendant] from the conduct of the other [out-of-state defendants]. The complaint makes no effort to quantify or even estimate the alleged illegal underpayments made by [the in-state defendant] versus those made by [the out-of-state defendant]. The complaint therefore does not

allege facts describing [the in-state defendant's] conduct so as to establish that [the] conduct forms a significant basis of the plaintiff's claims.").

To be clear, the Court does not expect Plaintiff to provide it with *evidence* to prove that MFA's alleged conduct "forms a significant basis for the claims asserted." However, the Court does expect Plaintiff to *allege* facts to support its conclusory contention that she "seeks significant relief from [MFA] whose conduct forms a significant basis for the claims asserted herein" (Doc. 50-1, ¶ 23). Here, Plaintiff has merely alleged that MFA has engaged in illegal activity. And, while it is the same illegal activity in which Plaintiff alleges the non-Missouri defendants engaged, the Court has no allegations from which it can ascertain the level of MFA's conduct as it compares to the non-Missouri defendants.

Plaintiff could have satisfied her burden in a number of ways, for example, by including in the Petition: the number of gas stations MFA operates in Missouri; an estimate of how many of MFA's gas stations utilize single hose pumps; an estimate of the percentage of MFA-operated gas stations at issue in the case as compared to QuikTrip- and Casey's-operated gas stations; and an estimate of the percentage of putative class members who purchased gasoline at MFA's stores. However, the only MFA specific allegation in the Petition is that MFA is "organized and existing under the laws of the State of Missouri," that it has "a principal place of business" in Missouri, and that it "has conducted and continues to conduct business in Missouri by selling gasoline to various Missouri citizens at its Break Time retail establishments" (Doc. 50-1, at ¶ 23). From this, the Court can ascertain that MFA owns at least two gas stations that engage in the illegal activity alleged. However, without more, the Court has no means of determining whether MFA's activity "forms a significant basis for the claims asserted."

Ultimately, the burden of establishing the narrow local controversy exception rests with Plaintiff. Here, the Court finds that Plaintiff has not met the burden of proving that MFA is a "significant defendant." *See Westerfeld*, 621 F.3d at 825. (["[T]he party bearing the burden of proof is not entitled to the benefit of the doubt . . . the District Court should resolve any doubt about the applicability of CAFA's local-controversy exception against [Plaintiff], the party who seeks remand and the party who bears the burden of establishing that the exception applies."]).

### B. The "principal injuries" resulting from Defendants' alleged conduct were incurred in Missouri.

Defendants also argue that Plaintiff has not established that the "principal injuries" resulting from Defendants' "alleged conduct or any related conduct" were incurred in Missouri. Specifically, Defendants argue that the "principal injuries" prong requires that Defendants' alleged conduct or related conduct be localized to a particular state rather than representing a widespread, interstate business practice that affects consumers broadly on a multi-state level. *See, e.g.*, *Brook v. UnitedHealth Group, Inc.*, No. 06CV12954(GBD), 2007 WL 2827808, at *4 (S.D.N.Y. Sept. 27, 2007) (explaining that the "principal injuries" prong applies only in cases where the principal injuries suffered by the class are limited to a particular state and not in a case where the defendants' conduct could have injured persons throughout the country or broadly throughout several states). However, Defendants contend the conduct alleged in this case is not a practice unique to Missouri and therefore, Plaintiff fails to satisfy this prong.

In support of its position, Defendants cite a number of district court decisions holding that the "principal injuries" element was not satisfied because the defendants' alleged conduct occurred in multiple states. *See Villalpando v. Exel Direct Inc.*, No. C-12-04137, 2012 WL 5464620 (N.D. Cal. Nov. 8, 2012); *Waller v. Hewlett-Packard Co.*, No. 11CV0454-LAB(RBB), 2011 WL 8601207 (S.D. Cal. May 10, 2011); *College of Dental Surgeons of Puerto Rico v.*

*Triple S Mgmt., Inc.*, No. 09-1209(JAF), 2011 WL 414991, at *5 (D. Puerto Rico Feb. 8, 2011); *Brook*, 2007 WL 2827808; *Kearns v. Ford Motor Co.*, No. CV 05-5644GAF(JTLX), 2005 WL 3967998, at *12 (C.D. Cal. Nov. 18, 2005).

However, this argument was explicitly rejected by the only circuit court to directly address the issue. *Kaufman*, 561 F.3d at 158.[4] In *Kaufman*, the defendants argued that the plaintiffs had not satisfied the "principal injuries" requirement because the local defendant sold insurance policies containing the same alleged wrongful coverage not only in New Jersey, where the lawsuit was filed, but in other states as well. *Id*. The Third Circuit rejected this argument, finding such interpretation to be "at odds with the plain language of the provision."[5] *Id.*

The Court adopts Kaufman's reasoning here because it is well-reasoned and conforms to the language of the statute. *See also United States v. Auginash,* 266 F.3d 781, 784 (8th Cir. 2001) ("Although we are not bound by another circuit's decision, we adhere to the policy that a sister circuit's reasoned decision deserves great weight and precedential value . . . .") (quoting

---

[4] Plaintiff contends that other district courts have followed *Kaufman* in holding that even where defendants' alleged conduct occurs both in the state where the lawsuit is filed and in other states, this does not defeat the "principal injuries" requirement if the claim is brought strictly under state law, for alleged wrongful conduct occurring in that state, and on behalf of that state's citizens. *See Alig v. Quicken Loans, Inc.*, No. 5:12-CV-115, 2012 WL 4795602, at *3 (N.D.W.V. Oct. 9, 2012) ("this Court agrees [that the principal injuries occurred in West Virginia] because, based upon the proposed plaintiff class, the loans at issue all occurred in West Virginia and were obtained by West Virginia citizens."); *Am. Gen. Fin. Servs. v. Griffin,* 685 F. Supp. 2d 729, 735 (N.D. Ohio 2010) ("As noted above, [Plaintiff] alleges the Defendants failed to refund premiums and to charge proper interest rates in Ohio, [Plaintiff] lives in Ohio, the loans and accompanying insurance policies were issued in Ohio, and Ohio residents make up the putative class. Thus, to the extent there are any injuries resulting from the alleged conduct, the Court finds the class incurred those injuries in Ohio."); *Williams v. Exec. Risk Specialty Ins. Co.*, No. 11-0686, 2011 WL 2461346, at *11 (W.D. La. June 17, 2011) ("As the Court has previously held, the record establishes that over 2/3 of the putative plaintiffs are Louisiana citizens, who rendered services in Louisiana and who allege that defendants violated Louisiana [state law]. The Court finds that the principal injuries were incurred in Louisiana."). However, in these cases, either the "principal injuries" prong was not at issue or the Court determined it was satisfied with little to no analysis of the issue Defendants raise here.

[5] "Liberty argues that the District Court must interpret this provision to require that principal injuries resulting from the alleged conduct *and* any related conduct of each defendant be incurred in the state in which the action was originally filed. In other words, Liberty interprets the disjunctive "or" as a conjunctive "and." Liberty explains that it issues insurance policies providing identical coverage in other states and that its issuance of those policies constitutes "related conduct" for the purpose of the principal injuries provision. Under this interpretation, Plaintiffs cannot satisfy the local controversy exception because principal injuries resulting from some of Liberty's related conduct would be incurred outside of New Jersey. The District Court correctly rejected Liberty's argument."

*Aldens, Inc. v. Miller*, 610 F.2d 538, 541 (8th Cir. 1979). The statute requires that principal injuries resulting from the alleged conduct *or* any related conduct be incurred in the state where the action was originally filed. The alleged wrongful conduct in the present case occurred only in Missouri under the Missouri Merchandising Practices Act, involved only Missouri citizens, and any damages resulting from this conduct occurred only in Missouri. Whether Defendants' related use of single hose blender pumps in other states violates those states' respective laws is not an issue in this case and does not affect whether Plaintiff has met the "principal injuries" requirement of the local controversy exception.

**II.       The Court declines to consider whether MFA was properly joined to the instant action.**

Because the Court holds that the local controversy exception does not apply to the instant case and so the Court has jurisdiction, Defendants' argument that MFA was improperly joined to defeat federal jurisdiction is moot.

**Conclusion**

Plaintiff has failed to meet her burden of proving that CAFA's local controversy exception applies in this case. Accordingly, Plaintiff's renewed motion for remand (Doc. 49) is DENIED and Defendants' motion to sever (Doc. 54) is DENIED as moot.

**IT IS SO ORDERED.**

Date: July 9, 2013                                      /s/ Greg Kays_____
                                                        GREG KAYS, JUDGE
                                                        UNITED STATES DISTRICT COURT